IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENT MORGAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARION CAPITAL MANAGEMENT, | : | |
| LLC, et al. | : | NO.   21-3557 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                              April 6, 2022

Plaintiff has filed a Motion for Sanctions based on Defendants' failure to respond to discovery requests, file their Rule 26(a) required disclosures, and failure to abide by this court's Order to do so.  Doc. 14.  Defendants have filed a response arguing that the delay in answering discovery was justified.  Doc. 21.

This court summarily ordered Defendants to comply with discovery responsibilities and file their disclosures, based upon Defendants' failure to respond to discovery and failure to respond to the Plaintiff's motion to compel.  Docs. 14, 15.  According to Plaintiff's current motion, Defendants have not complied, having served neither disclosures nor discovery responses.  In response, Defendants argue that the delay in failing to timely answer Plaintiff's discovery is justified by a hardship involving medical treatment for Mr. Frascella's father and the award of expenses would be unjust.  Doc. 21.

Rule 37 provides that if a motion to compel disclosures or discovery responses is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable

expenses incurred in making the motion, including attorney's fees." F.R. Civ. P. 37(a)(5)(A). The Rule provides for exceptions if the nondisclosure was substantially justified or an award of expenses is unjust. Id. R. 37(a)(5)(A)(ii), (iii). "A party is substantially justified in failing to make required discovery when a reasonable person is 'satisf[ied] . . . that parties could differ as to whether the party was required to comply with the disclosure request.'" LightStyles, Ltd. Ex rel. Haller v. Marvin Lumber & Cedar Co., Civ. No. 13-1510, 2015 WL 4078826, at *2 (M.D. Pa. July 6, 2015) (quoting Tolerico v. Home Depot, 205 F.R.D. 169, 175-76 (M.D. Pa. 2002) (quoted case and internal quotation marks omitted)). In determining whether an award of expenses is unjust, the court may take into account equitable considerations. LightStyles, 2015 WL 4078826, at *2.

Here, there is no question that Defendants were required to comply with the discovery requests. They concede this point noting that Mr. Frascella "has been in the process of answering Plaintiff's Discovery requests" and indicating that they would be delivering the answers and responses no later than April 5, 2022. Doc. 21 at 1-2. With respect to Mr. Frascella's personal responsibilities, the discovery responses were due on February 20, 2022, and Plaintiff filed a Motion to Compel on March 2, 2022, to which Defendants did not respond. Now that a motion for sanctions has been filed, Defendants state that they will be producing the requested discovery on April 5, 2022, forty-four days after it was due and fourteen days beyond the deadline set by the court. Doc. 15. In response to the sanctions motion, Defendants stated that Mr. Frascella and his counsel "did spend time over the weekend preparing and finalizing Defendants' Answers and

Responses to Plaintiff's discovery request." Doc. 21 at 2.  Despite his personal responsibilities, Mr. Frascella has failed to explain why he could not find the time to respond to the discovery requests earlier or even respond to Plaintiff's motion, explaining the cause for the delay.  I therefore conclude that sanctions are appropriate.

Plaintiff seeks $1227.50 for the filing of the motion to compel and the motion for sanctions.  Doc. 17-1 at 2.  This amount is unreasonable for the work product.  The motion to compel was just over a page and the memorandum in support of the motion for sanctions was two and one-half pages and restated much of what was contained in the motion to compel.  Based on the Certification attached to the motion for sanctions, Doc. 17-2, I will allow a total of two hours of Ms. Yandach's time preparing these two motions, and sanction Defendants a total of $550.

At this point, the court has not received any confirmation of Defendants' responses to the discovery requests or the Rule 26(a) disclosures.  Failure to provide the responses and the required disclosures and to remit $550 to Plaintiff within five days of the entry of this Order will result in an Order to Show Cause why default judgment should not be entered against Defendants.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENT MORGAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARION CAPITAL MANAGEMENT, LLC, et al. | : | NO.   21-3557 |

## **O R D E R**

AND NOW, this 6th day of April, 2022, the court having previously granted Plaintiff's Motion to Compel Responses to Discovery Requests and Rule 26(a) Required Disclosures (Docs. 14 & 15) and ordered Defendants to respond to the discovery requests and submit the required disclosures on or before March 22, 2022, and upon consideration of Defendants' failure to comply with my previous Order and Plaintiff's Motion for Sanctions (Doc. 17), IT IS HEREBY ORDERED that the Motion for Sanctions is GRANTED in part.  Within five days of the entry of this Order, Defendant shall:

    1.    pay to Plaintiff the costs of the filing of the motions to compel and for sanctions, totaling $550.00,

    2.    respond completely to Plaintiff's January 21, 2022 Interrogatories and Request for Production of Documents, and

      3.      submit Rule 26(a) Required Disclosures to Plaintiff's counsel.

Any failure to abide by this Order will result in an Order to Show Cause why default judgment should not be entered against Defendants.

BY THE COURT:

/s/ ELIZABETH T. HEY

_____
ELIZABETH T. HEY, U.S.M.J.