IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENT MORGAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARION CAPITAL MANAGEMENT, | : | |
| LLC, et al. | : | NO.   21-3557 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                April 29, 2022

Plaintiff has filed a second motion for discovery sanctions or default judgment based on Defendants' failure to fully comply with this court's prior order directing the filing of the Rule 26(a) disclosures and responses to discovery requests.  Doc. 24-1. Defendants filed a response stating that they have "complied with and continue to comply with this Court's Discovery Orders."  Doc. 25 at 2.  I held a teleconference with counsel on April 28, 2022.

This Court's April 6, 2022 Order required Defendants to "respond completely to Plaintiff's January 21, 2022 Interrogatories and Request for Production of Documents," and "submit Rule 26(a) Required Disclosures.to Plaintiff's counsel."  Doc. 23.[1]

1. **Disclosures**

With respect to the Disclosures, Plaintiff first alleges that Defendants failed to supply the contact information for the individuals identified as likely to have discoverable

---

[1] Defendants were also required to pay Plaintiff a monetary sanction of $550 for the filing of the motions to compel and for sanctions.  Plaintiff acknowledges that Defendants have paid the sanction.  Doc. 24-1 at 5.

information.  Doc. 24-1 at 2.  Defendants respond that they provided the Disclosures on April 4, and updated them with addresses on April 18, 2022, five days after Plaintiff filed the current motion.  Plaintiff's counsel acknowledged during the conference call that the information has been provided.

Plaintiff also complains that Defendants' reference to "all documents produced by Defendants in response to Plaintiff's Request for Production of Documents" is insufficient for purposes of the Initial Disclosures.  Doc. 24-1 at 2.  Defendants do not appear to dispute that they provided no documents with their Initial Disclosures – perhaps because they utterly failed to provide timely Initial Disclosures and provided them when they responded to Plaintiff's discovery requests.  Nevertheless, as discovery has proceeded.  I will not direct further production relating to the Initial Disclosures.

**2.    Discovery**

This court summarily ordered Defendants to comply with discovery responsibilities and file their Disclosures and provide discovery responses.  Docs. 22 & 23.  According to Plaintiff's current motion, Defendants have not complied, which was confirmed during the telephonic conference.[2]  In addition, it is not clear that Defendants have searched their information repositories for responsive documents.  Therefore, I will require all members of the Board of Managers (Larry Frascella, David Frascella, James Carnes, and Donald Johnson) to provide certifications identifying what repositories have

---

[2]During his deposition, James Carnes identified responsive documents to Plaintiffs' discovery requests that have yet to be provided to Plaintiff due to a reported "issue" with the size of the email attachment.

2

been searched and identifying the categories of documents for which each searched by May 6, 2022.³

Plaintiff also takes issue with the responses to the Requests for Admission in which Defendants denied nearly half of the Requests indicating that the term "decision-maker" had not been defined. Doc. 24-1 at 13-14. This response is unacceptable and Defendants shall supplement their response to the Requests for Admissions, applying the ordinary definition of the term by May 6, 2022.

### 3.     Sanctions

Finally, Plaintiff asks the court to sanction Defendants, leaving the sanction to the court, but suggesting a monetary sanction, preclusion of documents, witnesses and defenses, and default judgment. At this juncture, the court will again impose a monetary sanction of $550. It is abundantly clear that Defendants have not respected the Court's deadlines.⁴ Any further failure to abide by the Court's Orders or Defendants' discovery obligations will result in substantive rather than or in addition to monetary sanctions.

An appropriate Order follows.

---

³The certifications may be provided in writing or during deposition.

⁴According to the Scheduling Order, discovery closes today. Doc. 11. In the Order granting Plaintiff's Motion to Compel, the required disclosures and responses to discovery requests were due on March 22, 2022. Doc. 15. The Sanctions Order required the Disclosures and discovery responses by April 11, 2022. Doc. 23.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENT MORGAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARION CAPITAL MANAGEMENT, LLC, et al. | : | NO.   21-3557 |

### **O R D E R**

AND NOW, this 29th day of April, 2022, the court having previously granted Plaintiff's Motion to Compel Responses to Discovery Requests and Rule 26(a) Required Disclosures (Docs. 14 & 15) and sanctioned Defendants for failing to abide by the Court's earlier Order and its discovery responsibilities (Docs. 22 & 23), upon consideration of Plaintiff's Motion for Default Judgment (Doc. 24), and after holding a telephonic conference, IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED in part.  On or before May 6, 2022, Defendants shall:

1. pay to Plaintiff a second monetary sanction of $550.00,

2. supplement the Requests for Admissions, applying the ordinary meaning to the term "decision maker,"

3.      provide certifications from each member of the Board of Managers identifying what repositories he has searched and identifying the categories of documents for which he searched.

In addition, Defendants shall provide any responsive documents previously located to Plaintiff on or before May 2, 2022.

Any failure to abide by this Order will result in additional sanctions.

BY THE COURT:

/s/ ELIZABETH T. HEY

_____

ELIZABETH T. HEY, U.S.M.J.